**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

LEO MCKAYE #180515,

       Plaintiff,                          Case No. 05-73968

v.                                      District Judge Gerald E. Rosen
                                                  Magistrate Judge R. Steven Whalen

SHERRY BURT,

       Defendant.
_____/

**REPORT AND RECOMMENDATION**

This is a prisoner civil rights complaint filed pursuant to 42 U.S.C. §1983. On October 20, 2006, the Defendant filed a Suggestion of Death under Fed.R.Civ.P. 25(a)(1), stating, "Plaintiff Leo McKaye #180515 died at Marquette General Hospital, Marquette, Michigan on October 16, 2006." [Docket #28]. The Suggestion of Death was served on the Plaintiff's aunt, Kathy Hunter, by certified mail, on October 27, 2006. Because more than 90 days have passed since service on the next of kin, and no motion for substitution has been filed, I recommend that this action be DISMISSED.

**I. ANALYSIS**

Rule 25(a)(1) provides as follows:

**(1)** If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party

-1-

and, together with the notice of hearing, shall be served on the parties as provided in Rule 5 and upon persons not parties in the manner provided in Rule 4 for the service of a summons, and may be served in any judicial district. Unless the motion for substitution is made not later than 90 days after the death is suggested upon the record by service of a statement of the fact of the death as provided herein for the service of the motion, the action shall be dismissed as to the deceased party.

Rule 25(a)(2) provides for the filing of a Suggestion of Death upon the death of a plaintiff. Service of the Suggestion of Death on the decedent's representatives or successors is to be effected in the same way service of a motion to substitute is made under rule 25(a)(1). That Rule requires that service on a non-party be made "in the manner provided in Rule for the service of a summons." *See Farris v. Lynchburg Foundry*, 769 F.2d 958, 962 (4th Cir. 1985) ("As the suggestion of death is served in the same manner as the motion to substitute, a party may be served through is attorney...but nonparties must be personally served"); *Barlow v. Ground*, 39 F.3d 231, 234 (9th Cir. 1994) (suggestion of death must be served on a non-party in conformance with Rule 4). Once a Suggestion of Death is properly served, a successor or representative of the deceased may, within 90 days, file a motion for substitution of parties. *Id*.

On October 20, 2006, the Defendant filed a Suggestion of Death under Fed.R.Civ.P. 25(a)(1), stating, "Plaintiff Leo McKaye #180515 died at Marquette General Hospital, Marquette, Michigan on October 16, 2006." [Docket #28]. However, because the Suggestion of Death was not accompanied by proof that Kathy Hunter, the Plaintiff's next of kin, was properly served, I ordered Defendant to file adequate proof of service, or show cause why the Suggestion of Death should not be stricken. On February 26, 2007, Defendant filed a

signed receipt showing that Ms. Hunter was served by certified mail on October 27, 2006. This is proper service under Fed.R.Civ.P. 4(e)(1) and M.C.R. 2.105(A)(2).

On February 28, 2007, Defendant again filed a Suggestion of Death [Docket #34], accompanied by a Certificate of Discharge from the Michigan Department of Corrections, stating that Plaintiff died on October 16, 2006.

Under Rule 25(a)(1), the 90 days for the next of kin to file a motion for substitution have long passed, mandating dismissal of the entire action.

## II. CONCLUSION

Having reviewed the Suggestions of Death [Docket #28 and #34], I therefore recommend that this action be DISMISSED.

Any objections to this Report and Recommendation must be filed within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the

opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

S/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: January 11, 2008

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on January 11, 2008.

S/G. Wilson
Judicial Assistant
